FILED
2012 Jan-03  AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO91 (Rev. 5/93 ND/AL) Criminal Complaint

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

## CRIMINAL COMPLAINT

**UNITED STATES OF AMERICA**

v.                                                                  **CASE NUMBER:**

**CALEB ANDREW WADE,**
**defendant**                        **MAG 11    - 3 5 7**

I, Suzanne Prevatte, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### Count One

Between on or about November 17, 2011, and including on or about December 30, 2011, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

CALEB ANDREW WADE,

who was born on or about 1987, using a facility and means of interstate commerce, to wit: the internet and a telephone, did knowingly attempt to persuade, induce, and entice an individual, known to the defendant as a 14 year old female and an 8 year old female, who had not obtained the age of 18 years to engage in sexual activity for which the defendant can be charged with a criminal offense, such as: Rape in the First and Second Degree (Ala. Code §§ 13A-6-61 and 13A-6-62); Sodomy in the First and Second Degree (Ala. Code §§ 13A-6-63 and 13A-6-64), in violation of Title 18, United States Code, Section 2422(b).

### Count Two

On or about December 30, 2011, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

CALEB ANDREW WADE,

who was born on or about 1987, crossed a State line and traveled from the State of Georgia to the State of Alabama with intent to engage in a sexual act with a person who has not attained the age of 12 years, and attempted to do so, in violation of Title 18, United States Code, Section 2241(c).

### Count Three

On or about December 30, 2011, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

CALEB ANDREW WADE,

who was born on or about 1987, did attempt to use, persuade, induce, and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing and having reason to know that such visual depiction will be transported in and affecting interstate commerce and that such visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce in violation of Title 18, Unites States Code, Sections 2251(a) and (e).

See Attachment "A"

I further state that I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) and that this complaint is based on the facts set forth in the affidavit, which is attached hereto as Attachment A and incorporated herein by reference.

_Signature of Complainant_

Sworn to before me and subscribed in my presence,

December 30, 2011 @ 5:13 P.M.           at           Birmingham, Alabama
Date                                                              City and State

JOHN E. OTT
United States Magistrate Judge
Name and Title of Judicial Officer                    Signature of John E. Ott

ATTACHMENT A

AFFIDAVIT **MAG 11** - **357**

I, Suzanne Prevatte, after being duly sworn in due form of law, depose and say that:

1. I am a Special Agent with the Homeland Security Investigations (HIS), U.S. Department of Homeland Security. I have been so employed for 8 years.

2. This affidavit is made in support of a criminal complaint for CALEB ANDREW WADE, the defendant. The defendant is a native and citizen of the United States, born in or about May 1987, social security number xxx-xx- 1582.

3. On or about November 17, 2011, an undercover law enforcement agent responded to an advertisement placed by the defendant. The defendant replied back to the undercover law enforcement agent via email contact over the internet. In the correspondence that followed, the defendant came to believe that a person was willing to arrange for the defendant to engage illegal sexual activity with children under the age of 16. The defendant was communicating with an undercover police officer, and communicated with an undercover police officer via the internet and telephone.

4. On or about November 18, 2011, the defendant indicated within an email communication "The girls are hot have they ever been fucked by any guys or just with dildos and vibrators or fingers and yea that is what I am looking for would u let me fuck u and the girls...".

5. On or about November 20, 2011, the defendant indicated within an email communication with an undercover officer he believed to be a 14 year old girl "...here is a pic of me and my Cock...".

6. On or about November 22, 2011, the defendant indicated within a text message communication to the undercover officer "Would u let me take videos of me fucking and cunning in them and doing what I want with them". "Would u let me whore ur kids out"

7. On or about November 24, 2011, the defendant indicated within a text message communication to the undercover officer, "...is that bad wanting to fuck u and ur girls ..."

8. On or about November 30, 2011, the defendant indicated within a text message communication to the undercover officer, "Can I Torcher ur girls."

9. On or about December 8, 2011, the defendant indicated within a text message communication to the undercover officer, "Do I get the youngest pussy too". "Do u think my Cock fit in the youngest".

10. On or about December 13, 2011, the defendant indicated within a text message communication he would be traveling to the Northern District of Alabama from Georgia "The last Friday of the month...". He also indicated with regards to the minor the age of 8 years old, "Fuck her tight holes".

11. On or about December 13, 2011, the defendant indicated within a text message communication to the undercover officer "Can I take pics of Yall...", "Me fucking and sucking and cumming in Yall..." In this communication, the defendant indicated that he wanted to make these pictures as a "keepsake."

12. On or about December 14, 2011, the defendant indicated within a text message communication to the undercover officer in reference to the defendant's ex-girlfriend's 4 year old daughter, "She done been fucked", "Who", "The 4 yr old". In this communication, the defendant described how he raped this 4 year old girl.

13. On or about December 22, 2011, the defendant indicated within a text message to the undercover officer, "So do I get ur youngest girls pussy".

14. On or about December 12, 2011, the defendant arranged to meet for illegal sexual activity on December 30, 2011 in the Northern District of Alabama during a text message conversation in which he "I am going to try to come down the last Friday of the month ok" to a location in Jefferson County within the Northern District of Alabama.

15. On or about December 29, 2011, the defendant, within a text message communication to the undercover officer, indicated that he intended to take pictures of the illegal sexual activity using the camera on his cell

phone. Based on my training and experience, I am aware that cell phones and the cameras within them contain materials that have been mailed, shipped and transported in interstate and foreign commerce.

16. On or about December 30, 2011, the defendant indicated within a text message communication "Leaving now". Stating he would be driving a "Subaru legasy".

17. After making arrangements to meet at a location in Jefferson County in the Northern District of Alabama on or about December 30, 2011, the defendant arrived at the meeting place and met the undercover officer after traveling from the State of Georgia.

18. After being arrested, a positive identification of the defendant was made when agents located his Driver's License on his person.

19. Based, upon the conduct outlined above, the defendant did use a facility and means of interstate and foreign commerce to attempt to knowingly persuade, induce, and entice an individual who has not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense and traveled in interstate commerce to attempt to engage in a sexual act with a person who has not attained the age of 12 in violation of Title 18 U.S.C. 2422(b) and Title 18 U.S.C. 2241(c). Such conduct would constitute criminal violations of the Rape and Sodomy statutes under the laws of the State of Alabama. Such conduct as outlined above, the attempted production of child pornography, would also constitute violations of Title 18 U.S.C. 2251(a) and (e).


Suzanne Prevatte
Special Agent
Department of Homeland Security


JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE